UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALDO LEYVA,

    Plaintiff,

v.

SCOTT KERNAN, individually and in his official capacity as Director Of Adult Division For The California Department Of Corrections And Rehabilitation,

    Defendant.

No. C 08-1152 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Aldo Leyva, an inmate at the Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Leyva alleges that he was not allowed to receive the "M.I.M. Theory # 8" magazine that had been mailed to him. He received a letter on June 11, 2007 from M.I.M. Distributors informing him that the magazine it sent to him had been returned as unauthorized correspondence. Leyva filed an inmate appeal and eventually learned that "a bulletin from Sacramento" stated that the M.I.M. publications were not authorized and would not be allowed due to a safety and security risk. Complaint, p. 3. The complaint does not directly allege it but does suggest that defendant Kernan wrote the bulletin or was involved in the policy decision to disallow M.I.M. publications.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Liberally construed, the allegations appear to state a claim for relief under Section 1983 for a violation of Leyva's First Amendment rights by defendant Kernan whose acts alleged caused the M.I.M. publication sent to Leyva to be wrongly rejected.

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendant Scott Kernan for a violation of violation of Leyva's First Amendment rights.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon defendant Scott Kernan, who alleged works at the Sacramento office of the California Department of Corrections & Rehabilitation.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **October 3, 2008**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **November 7, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **November 21, 2008**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: July 21, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALDO LEYVA et al,

    Plaintiff,

v.

SCOTT KEINAN et al,

    Defendant.

Case Number: CV08-01152 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aldo Leyva P-63160
Salinas Valley State Prison
A-5-229
P.O. Box 1050
Soledad, CA 93960

Dated: July 22, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk