FILED

OCT  1 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO LEYVA,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, individually and in his official capacity as Director Of Adult Division For The California Department Of Corrections And Rehabilitation,<br><br>    Defendant.<br>_____/ | No. C 08-1152 SI (pr)<br><br>**ORDER DENYING INTERIM RELIEF AND DENYING APPOINTMENT OF COUNSEL** |

   In this pro se prisoner's civil rights action, plaintiff complains about a CDCR policy that bans Maoist International Movement ("M.I.M.") publications in California prisons due to alleged safety and security risks.

   Plaintiff has moved for a preliminary injunction that enjoins defendant from enforcing the ban on M.I.M. publications. Requests for injunctive relief may be analyzed with either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Plaintiff's motion fails under these tests. The record before the court

and the case law indicate that it will be difficult for plaintiff to succeed. Most importantly, the First Amendment claim pertaining to the statewide ban on M.I.M. publications will be subject to the test in Turner v. Safley, 482 U.S. 78 (1987). Although the parties must develop the record with regard to the application of Turner, it is unlikely that the policy that appears to be based on safety and security concerns will not pass muster under the Turner test. See Exh. H, p. 2 (inmate appeal response describing MIM's publications as "advocat[ing] seizing public power through armed struggle and overturning prison administrators 'by stripping them of control'"); but see Exh. L (letter denying such advocacy). Moreover, plaintiff has not shown irreparable injury or that the balance of hardships tips in his favor such that interim relief is appropriate. The motion for a preliminary injunction is DENIED. (Docket # 13.) Absent a dramatic change in the circumstances, plaintiff may not file another motion for a preliminary injunction or temporary restraining order.

Plaintiff also has moved for the appointment of counsel to represent him in this action. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. The motion for appointment of counsel is DENIED. (Docket # 11.)

IT IS SO ORDERED.

Dated: October 1, 2008

SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALDO LEYVA et al,

        Plaintiff,

v.

SCOTT KEINAN et al,

        Defendant.

Case Number: CV08-01152 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aldo Leyva P-63160
Salinas Valley State Prison
A-5-229
P.O. Box 1050
Soledad, CA 93960

Dated: October 2, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk