UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALDO LEYVA,

    Plaintiff,

v.

SCOTT KERNAN, individually and in his official capacity as Director Of Adult Division For The California Department Of Corrections And Rehabilitation,

    Defendant.
                               /

No. C 08-1152 SI (pr)

**ORDER DENYING APPLICATION TO FILE DOCUMENTS UNDER SEAL AND SETTING NEW BRIEFING SCHEDULE**

    This pro se prisoner's civil rights action concerns a CDCR policy that banned Maoist International Movement ("M.I.M.") publications in California prisons due to alleged safety and security risks. Plaintiff alleged that, as a result of the ban, he was not allowed to receive the "M.I.M. Theory # 8" magazine that was mailed to him.

    Defendant has moved for summary judgment. In connection with that motion, defendant has filed an ex parte application for order to seal the declaration of D. Hawkes and the exhibits attached thereto. The exhibits to the declaration include "M.I.M. Theory No. 8," as well as an introductory pamphlet from M.I.M., and a Wikipedia article about M.I.M.

    Defendant has confused sealing documents from public view with keeping documents out of the prison environment. Doing the former is too excessive a restriction to accomplish the latter goal.

    There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. Hagestad v. Tragesser, 49 F.3d 1430, 1433-

34 (9th Cir. 1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted).

Defendant has not made a persuasive showing that the M.I.M. publications should not be accessible to the public in the court file. His claim that the publications are perceived by prison officials to pose a serious threat to safety and security at the prison is not enough to justify filing under seal the M.I.M. publications, which appear to be publications readily available to the non-incarcerated citizenry and devoid of any specific reference to Salinas Valley State Prison. Defendant also has not made a persuasive showing that the Hawkes declaration and Wikipedia article should not be accessible to the public in the court file. Accordingly, the application to file the Hawkes declaration and exhibits thereto under seal is DENIED. (Docket # 25.) The clerk will mail the Hawkes declaration and exhibits thereto back to defendant's counsel unfiled, as requested by defendant's counsel.

The denial of the application to file documents under seal raises two issues. First, the refusal to allow the M.I.M. publications to be filed under seal does not resolve the question of whether they should be sent to plaintiff as a court exhibit because the standard for barring public access to a document in a court file is far more stringent than the standard for barring an inmate's access to the same document in prison. Thus the court now considers whether the M.I.M. publications must be sent to plaintiff in prison as part of defendant's dispositive motion. To require defendant to send to plaintiff the M.I.M. publication would undermine the prison administrators' authority to regulate mail entering the prison. The well-established authority of prison administrators to confiscate incoming mail deemed to be a security risk, see Thornburgh v. Abbott, 490 U.S. 401, 407-09 (1989), would be a hollow power if the inmate could obtain the confiscated mail by filing a lawsuit concerning the confiscation and then demand to receive the mail as a court exhibit in order to contend that it should never have been confiscated -- all before the court has determined whether the confiscation was proper. The court will not require that

2

defendant provide a copy of the M.I.M. publications to plaintiff in connection with a dispositive motion. As mentioned later in this order, defendant will have to file a renewed motion for summary judgment. In connection with that renewed motion, defendant is excused from serving on plaintiff a copy of any M.I.M. publication he files as an exhibit in support of his renewed motion. Instead of serving a copy of the M.I.M. publications that he files, defendant must send to plaintiff a "notice of exhibits filed but not served" in which he lists the title of each publication he has filed as an exhibit but has not served on plaintiff. Plaintiff must respond to the renewed motion without seeing the disputed documents. The documents will, however, be in the court's public file to fulfill the court's obligation as a public institution.

Second, because the application to file the Hawkes declaration and exhibits under seal has been denied and the documents will be returned to defendant, the motion for summary judgment now lacks that evidentiary support and therefore must be, and is, DENIED. (Docket # 20.) This denial is without prejudice to defendant filing a new motion with the M.I.M. publications being filed in accordance with the preceding paragraph. Defendant is urged to replace the Hawkes declaration that he sought to seal with a new declaration that can be served on plaintiff – as by, for example, deleting as many of the direct quotations from the M.I.M. publications as necessary for the declaration to be allowed to reach plaintiff in prison.

The court now sets this briefing schedule for a renewed dispositive motion: Defendant must file and serve his dispositive motion no later than **January 30, 2009**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **March 6, 2009**. Defendant must file and serve his reply brief, if any, no later than **March 20, 2009**.

IT IS SO ORDERED.

Dated: December 22, 2008

_____
SUSAN ILLSTON
United States District Judge

3