UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO LEYVA, | No. C 08-1152 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| SCOTT KERNAN, individually and in his official capacity as Director Of Adult Division For The California Department Of Corrections And Rehabilitation, | |
| Defendant. / | |

This action is now before the court for consideration of several miscellaneous matters.

Defendant's ex parte application to file documents under seal is DENIED. (Docket # 43.) The documents sought to be sealed are the same documents the court determined would not be sealed. See December 22, 2008 Order Denying Application To File Documents Under Seal; Setting New Briefing Schedule. Defendant's motion inexplicably fails to follow the procedure the court described at page 3 of that order for handling documents that would not be sealed but that defendant did not want to let into the prison. As a result of defendant's failure to follow the procedure the court described, the second motion for summary judgment now lacks that evidentiary support that is contained in the documents sought to be sealed and therefore must be, and is, DENIED without prejudice. (Docket # 37.)

Plaintiff's second motion for appointment of counsel is DENIED for the same reasons the court denied his first motion in its October 1, 2008 Order Denying Interim Relief And Denying Appointment Of Counsel. (Docket # 31.)

Plaintiff's motion to compel discovery is DENIED because he did not make a good faith effort to meet and confer with defense counsel before filing the motion. (Docket # 32.) The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Plaintiff's motion is denied without prejudice because he did not make the necessary good faith effort to meet and confer with defense counsel before filing the motion. Specifically, his meet-and-confer letter was mailed only seven days before his motion to compel was mailed and did not give the meet-and-confer process a chance to work.

There is one part of the discovery dispute that the court will rule on, however. Among the documents plaintiff wants to obtain by discovery is the disallowed document that is the subject of this action. As the court explained in the December 22, 2008 Order at pages 2-3, the "well-established authority of prison administrators to confiscate incoming mail deemed to be a security risk, see Thornburgh v. Abbott, 490 U.S. 401, 407-09 (1989), would be a hollow power if the inmate could obtain the confiscated mail by filing a lawsuit concerning the

2

confiscation and then demand to receive the mail as a court exhibit in order to contend that it should never have been confiscated -- all before the court has determined whether the confiscation was proper. The court will not require that defendant provide a copy of the M.I.M. publications to plaintiff in connection with a dispositive motion." For the same reason, the court will not require defendant to provide a copy of the M.I.M. publications to plaintiff as discovery.

Plaintiff filed a motion for extension of time to file his motion for summary judgment, claiming he needed additional time because he needed to obtain a copy of the M.I.M. publications. In light of the fact that the court has now determined that defendant does not have to provide a copy of the M.I.M. publications in connection with a dispositive motion or in response to discovery requests, plaintiff's motion for extension of time is DENIED. (Docket # 33.)

Several of plaintiff's filings have been very difficult to read due to handwriting that makes some words simply illegible. The handwriting in all future filings must be legible.

The court now sets this briefing schedule for a renewed dispositive motion: Defendant must file and serve his dispositive motion no later than **March 13, 2009**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **April 17, 2009**. Defendant must file and serve his reply brief, if any, no later than **May 8, 2009**.

IT IS SO ORDERED.

Dated: February 9, 2009

_____
SUSAN ILLSTON
United States District Judge

3