UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO LEYVA, | No. C 08-1152 SI (pr) |
| Plaintiff, | **ORDER DENYING REQUEST TO AMEND COMPLAINT** |
| v. | |
| SCOTT KERNAN, individually and in his official capacity as Director Of Adult Division For The California Department Of Corrections And Rehabilitation, | |
| Defendant. | |

Plaintiff filed a "Request For Permission To Amend And To Add A New Cause Of Action" in which he states that he "wishes to add California Code of Regulations Title 15, 3006 contraband as a cause of action for the violation of his First Amendmant (sic) freedom of speech rights in connection to the 'M.I.M. Theory # 8, The Anarchist Ideal.'" Request, p. 2. The proposed amended complaint apparently is the document (docket # 35) plaintiff submitted three months before he filed his request to amend (docket # 58).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave to amend need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981).

Plaintiff's description of the proposed additional claim in his request to amend does not make sense and the proposed amended complaint adds little to clarify the nature of the claim. The court thus must hypothesize what it is that plaintiff may be attempting to allege. There appear to be three possibilities: a claim for a violation of the state regulation, a claim that other M.I.M. publications might be confiscated in the future, or a claim that M.I.M. Theory No. 8 cannot be confiscated on an individualized basis.

To the extent plaintiff means to contend that the confiscation of M.I.M. Theory No. 8 violates a particular state regulation, the confiscation of the publication did not violate the regulations because the regulations do not purport to be an exhaustive list of contraband. See 15 Cal. Code Regs. § 3000 (defining "contraband" as anything not permitted), § 3006(d) (non-contraband may be confiscated under certain circumstances). Even assuming that the confiscation did violate the regulations and that a cause of action exists for such a regulatory violation, the court declines to exercise supplemental jurisdiction over such a claim. The court has by separate order granted summary judgment in defendant's favor on the § 1983 claim that gives this court federal question jurisdiction, and the court declines to exercise supplemental jurisdiction over any state law claim that plaintiff might be able to allege if he further amended. See 28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under § 1367(c)(3) once it has dismissed all claims over which it has original jurisdiction). Plaintiff may pursue any state law claim in state court.

To the extent that plaintiff is trying to assert a claim that other M.I.M. publications might be confiscated in the future now that the complete ban on M.I.M. publications has been lifted, such a claim is not ripe. Plaintiff has not alleged that any particular publication has been disallowed since the policy was changed. And he has not alleged how defendant would have liability for such an indvidualized determination that an unspecified publication should not be delivered to plaintiff at some point in the future.

To the extent that plaintiff is trying to assert that M.I.M. Theory No. 8 may not be confiscated on an individualized basis now that the complete ban on M.I.M. publications has

1 been lifted, the court determined in the order granting defendant's motion for summary judgment
2 that the disallowance of M.I.M. Theory No. 8 passed muster under the test in Turner v. Safley,
3 482 U.S. 78 (1987).

4 Allowing the proposed amended complaint (or allowing plaintiff to further amend to
5 explain which of these several alternatives he actually is trying to articulate) would be an
6 exercise in futility for the reasons just described. Accordingly, the request to amend is DENIED.
7 (Docket # 58.)

8 IT IS SO ORDERED.
9 Dated: June 29, 2009

_____
SUSAN ILLSTON
United States District Judge